

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2005

# Bhagat v. Hettche

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2056

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bhagat v. Hettche" (2005). *2005 Decisions.* Paper 939.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/939

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2056
_____

RAM B. BHAGAT,

Appellant

v.

\*L. RAYMOND HETTCHE; THOMAS DONNELLAN;
MAURICE AMATEAU; PENNSYLVANIA STATE
UNIVERSITY

\*(Amended per Clerk's Order of June 17, 2004)
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-02256)
District Judge: Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
JUNE 22, 2005

Before:    SLOVITER, BARRY AND FISHER, CIRCUIT JUDGES

(Filed: June 30, 2005)

_____

OPINION
_____

PER CURIAM

Appellant, Ram B. Bhagat, appeals from the District Court's order granting the defendants' motion for summary judgment. For the reasons set forth below, we will affirm.

As the parties are familiar with the facts, we will only briefly revisit them here. Bhagat was employed as a research scientist by The Pennsylvania State University ("Penn State") at the Applied Research Laboratory ("ARL") from March 1, 1984 until March 21, 2001, when his employment was terminated. In December 2002, he filed a complaint, which was later amended, against ARL Director Raymond Hettche; ARL Associate Director of Materials and Manufacturing, Dr. Thomas Donnellan; his immediate supervisor, Dr. Maurice Amateau; and Penn State. Bhagat alleged that the Defendants violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. tit. 43, § 955 ("PHRA"), by creating a hostile work environment and terminating his employment because of his national origin or in retaliation for his discrimination complaints. He also claimed his termination was a violation of his First and Fourteenth Amendment rights. The Defendants filed a motion for summary judgment, which was granted.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting the motion for summary judgment. See Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). We will affirm a grant of summary judgment if our review reveals that "there is

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "We review the facts in the light most favorable to the party against whom summary judgment was entered." Coolspring, 10 F.3d at 146.

National origin discrimination claims are analyzed under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[1] A plaintiff is first required to set forth a prima facie case of discrimination. Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318 (3d Cir. 2000). If a prima facie case is established, the defendant can provide a legitimate, non-discriminatory reason for the adverse employment action. See id. at 319. If the defendant proffers such a reason, the plaintiff is required to show that it was a pretext for unlawful discrimination in order to prevail. See id.

Here, the Defendants asserted that they had a non-discriminatory reason for the adverse employment action, and they submitted several affidavits that supported their assertion that Bhagat's employment was terminated as a result of his insubordination and failure to report to his supervisors. Although Bhagat disputed the Defendants' allegations and submitted his own affidavit, he failed to provide any evidence that would show that the Defendants' explanations were pretextual. We agree with the District Court that Bhagat failed to show that he could satisfy his burden of proving discrimination. Defendants thus were entitled to judgment as a matter of law on these claims.

---

[1]The analysis for adjudicating a claim under the PHRA is identical to a Title VII inquiry. Jones v. School Dist. Of Phila., 198 F.3d 403, 410 (3d Cir. 1999).

The District Court properly granted summary judgment in favor of the Defendants as to the hostile work environment claim, as well; Bhagat failed to provide evidence of pervasive and regular discrimination based on national origin. See Abramson v. William Paterson College, 260 F.3d 265, 276-77 (3d Cir. 2001). Defendants were entitled to judgment as to the claim of retaliation because Bhagat failed to submit evidence that could establish a causal connection between his prior discrimination complaints and Defendants' decision to terminate his employment. See Abramson, 260 F.3d at 286. Bhagat's First and Fourteenth amendment claims lack merit for the reasons stated by the District Court.

Accordingly, we will affirm the judgment of the District Court.